IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**OTIS D. BLAXTON,**

    **Plaintiff,**

vs.                                         Case No. 4:08cv350-WS/WCS

**BOCA GRANDE FOODS, et al.,**

    **Defendants.**

                                    /


## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 12. Plaintiff was granted *in forma pauperis* status, doc. 4, and Plaintiff has paid the assessed initial partial filing fee. His amended complaint, doc. 12, submitted before his initial complaint could be reviewed, has now been considered as is required by 28 U.S.C. § 1915A.

Plaintiff's amended complaint concerns the food that he has been served in prison since, at least, July of 2000. Doc. 12. Plaintiff complains that the food is room temperature or cold, sometimes spoiled, and food trays and utensils are not always

properly washed.  Plaintiff also complains that the food packaging does not provide nutritional information and sometimes the food is expired.

Plaintiff also complains that Defendants do not use the resources of the natural environment enough and that more seafood should be served.  Since inmates are used for farming, Plaintiff believes they ought to be able to fish as well.  Plaintiff wants more fruits, beans and rice, and complains that the beef is served rotten.  Plaintiff complains that the alternative tray is a vegetarian tray without meat, but Plaintiff believes it should have a substitute meat product.  Plaintiff wants the drinks served to not have a "clean chemical" as it may cause health problems in the future.  *Id.,* at 6.

Plaintiff complains the food violates the Eighth Amendment and the Fourteenth Amendment.  *Id.*, at 7.  Plaintiff seeks nominal and punitive damages.

The United States Constitution does not require "comfortable prisons" with all the amenities, but it requires that prisons not be "inhumane."  Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003), *citing* Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994).  The conditions of prison life and the treatment of prisoners is governed by the Eighth Amendment, which prohibits cruel and unusual punishment.  Farrow, 320 F.3d at 1242-43, *citing* Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993).  In general, "prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain' "  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004), *quoting* Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

A two-part analysis governs Eighth Amendment challenges to conditions of confinement.  Chandler, 379 F.3d at 1289.  "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment."  Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992), *cited in* Chandler, 379 F.3d at 1289.

> The challenged condition must be "extreme."  *Id.,* at 9, 112 S.Ct. at 1000.  While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.,* at 35, 113 S.Ct. at 2481.  Moreover,  the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.  In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.  *Id.,* at 36, 113 S.Ct. at 2482.

Chandler, 379 F.3d at 1289.  The second part of the analysis requires prisoners to show that prison officials "acted with a sufficiently culpable state of mind" regarding the condition at issue.  Hudson, 503 U.S. at 8, 112 S.Ct. at 999 (marks and citation omitted); 379 F.3d at 1289.  "The proper standard is that of deliberate indifference."  Chandler, 379 F.3d at 1289., *citing* Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).

In considering Plaintiff's claims, the amended complaint fails on both parts of the analysis.  Plaintiff does not show an unreasonable risk of harm to Plaintiff, not does Plaintiff show that the conditions of prison life, as it pertains to food, is a grave condition that society would not tolerate, if known.  Furthermore, Plaintiff fails to show a

Fourteenth Amendment violation.  Plaintiff's claims are frivolous and this action should be dismissed as such.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 12, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and because it is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2008.

    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**